UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NYLEVE NARVAEZ and TIMOTHY COLON individually
and as parents and natural guardians of T.     C.    .,
, an infant,

CASE NO:

**COMPLAINT**

Plaintiffs,

-against-

UNITED STATES OF AMERICA,

Defendant.

-------------------------------------------------------------------X

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs, NYLEVE NARVAEZ and TIMOTHY COLON individually and as parents and natural guardians of T.    C.    , ("TC    ."), by counsel, for their Complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for negligence and professional malpractice in connection with medical care provided to Plaintiff T. C.   . by JIMMY SITT, M.D. ("Sitt"), MELISSA RUTKIN ("Rutkin"), and ODA PRIMARY HEALTH CARE NETWORK, INC.(ODA")

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as **Exhibit 1**.*

4. This suit has been timely filed, in that Plaintiffs timely served notice of his

2

claim on both the United States Department of Health & Human Services on February 13, 2017 and the United States Attorney General for the Eastern District of New York on February 10, 2017.

5. Plaintiffs are now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after not receiving any response from the Department of Health & Human Services, nor the Attorney General.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiffs were,, and at all times relevant hereto, residents of Kings County, New York.

7. Defendant United States of America, through its agency, the United States Department of Health & Human Services, operates ODA, located 14-16 Heyward Street, Brooklyn, New York.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the ODA are hereinafter collectively referred to as "ODA."

9. At all times relevant to this Complaint, the ODA held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior including SITT and RUTKIN.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the

3

acts and omissions forming the basis of these claims occurred in the Eastern District of New York.

## FACTUAL ALLEGATIONS

13. On or about the morning of July 21, 2015, the infant's mother and father brought T.C., an infant, to ODA and its employee/ pediatrician, SITT, because T.C. 's symptoms of fever, malaise, a rash, what appeared to be a bug bite on his leg, swelling and pain of his extremities and especially his leg; and extreme weakness, pain in legs and arms, severe illness, vomiting, achy, refusal to eat or drink, and worsening of symptoms for which he had been treated and released from BETH ISRAEL HOSPITAL emergency room twice on July 20, 2015.

14. SITT ordered, among other treatment, blood tests and lower extremity x rays.

15. The lower extremity x-ray was taken at 14-16 Heyward Street, Brooklyn, New York and said facility, upon information and belief, was part of ODA.

16. That SITT, in violation of good and accepted medical practice, incorrectly interpreted the lower extremity x-ray taken that morning on July 21, 2015 as normal and did not obtain an immediate consultation from a radiologist to read said x-ray.

17. SITT reassured TC 's parents that there was nothing seriously wrong with TC, JR and plaintiffs left ODA's offices.

18. SITT/ODA departed from good and accepted medical standards of care in failing to timely and properly perform a differential diagnosis, examine TC , determine whether an infection including cellulitis, meningitis, MRSA, and/or other infectious or viral process was causing TC 's illness; failing to obtain the records or information from Beth Israel regarding

4

the two pre-existing emergency room visits on July 20, 2015, failing to obtain proper consultations to evaluate TC , failing to appreciate the signs and symptoms of an infection of T.C. 's tibia and lower extremity; failing to treat said infection with emergency surgery and/or intravenous antibiotics and all other timely and proper treatment and care; failing to timely and properly perform spinal tap; failing to appreciate the signs and symptoms of an infection of T.C. 's tibia and lower extremity; failing to treat said infection with emergency surgery and/or intravenous antibiotics and all other timely and proper treatment and care; failing to perform studies and examinations, blood work, cultures; failed to timely and properly perform a debridement of the infected area; in causing T.C. 's conditions to further deteriorate and said infection to spread throughout his body; failing to have properly trained employees provide medical care in a timely fashion; failing to timely and properly treat T.C. 's sepsis, bone infection, extremity infection, and his overall deterioration; failing to timely and properly provide medications including but not limited to steroids; failed to timely and properly perform cultures and stains; failing to timely and properly order imaging studies including but not limited to ultrasound, x-ray, MRI, and CT scan; improperly interpreted studies and exams that were conducted, failed to timely transmit information to RUTKIN or Beth Israel medical Center regarding TC 's condition; and SITT/ODA were otherwise negligent.

19. TC 's symptoms continued to worsen and TC was then brought back to Beth Israel Medical Center Emergency Room via ambulance on the evening of July 21, 2015 when he was finally admitted in septic shock.

20. Between the time TC, left ODA and was brought to the emergency room of Beth Israel Medical Center on July 21, 2015, ODA had a radiologist formally interpret the x-ray taken earlier that morning on July 21, 2015 at 13-15 Heyward Street, Brooklyn, New York.

21. That at all times hereinafter mentioned, RUTKIN was a physician duly licensed to practice medicine in the State of New York and board certified in radiology and practicing as a radiologist interpreting studies for ODA at 14-16 Heyward Street, Brooklyn, New York.

5

22. That at all times hereinafter mentioned, RUTKIN, provided radiological services to ODA and SITT and was an agent, servant, or employee of ODA.

23. That at all times hereinafter mentioned, RUTKIN provided radiological services to ODA pursuant to a contract.

24. That at all times hereinafter mentioned, RUTKIN was an agent or apparent agent of ODA.

25. RUTKIN interpreted the x-ray of TC taken on July 21, 2015 at 14-16 Heyward Street, Brooklyn, New York. RUTKIN interpreted the x-ray as revealing swelling and edema over the right lower leg in the tibia region and along the lateral aspect of the lower leg which appeared to be cellulitis.

26. SITT departed from good and accepted medical standards of care by failing to provide information to RUTKIN regarding TC, colon's symptoms or failed to provide complete information regarding TC 's symptoms.

27. RUTKIN departed from good and accepted medical standards of care by failing to obtain complete information regarding TC 's symptoms.

28. RUTKIN departed from good and accepted medical standards of care by failing to timely call or transmit to SITT and ODA and the plaintiffs the results of her interpretation of the x-ray.

29. SITT departed from good and accepted medical standards of care by failing to call RUTKIN to timely determine her interpretation of the x-ray.

30. RUTKIN improperly and against good and accepted medical standards of care recommended a follow-up study in 10-14 days if symptoms persisted to exclude occult fracture. She failed to recommend further studies to rule in or out cellulitis; failed to recommend

6

consultations or treatment of the cellulitis; and failed to correlate her findings with T.C., an infant's medical history or review the medical records of ODA/SITT and/or BETH ISRAEL; failed to immediately contact SITT/ODA to advise him of the seriousness of her findings including cellulitis and recommend immediate work-up, further testing, and admission to the hospital.

31. When TC returned to Beth Israel Medical Center in the evening of July 21, 2015 and on July 22, 2015, ODA and SITT departed from good and accepted medical standards of care by failing to timely return telephone calls to BETH ISRAEL MEDICAL CENTER who had called ODA and SITT to obtain medical information regarding TC and further failed to timely provide the radiological findings of RUTKIN to Beth Israel Medical Center.

32. Both SITT and RUTKIN and ODA departed from good and accepted standards of medical care by failing to have T.C., an infant admitted to a hospital for a complete evaluation, blood work, labs, culture, ultrasound, radiological and other studies, intravenous antibiotics, medications, failed to reach a proper differential diagnosis and diagnosis; and improperly discharged T.C., from Defendants' care.

33. RUTKIN further departed from good and accepted medical standards of care by failing to make any recommendations for the diagnosis and treatment of T.C., an infant's cellulitis and did not correlate her findings with T.C., an infant's medical history; and failed to review the medical records of SITT and/or BETH ISRAEL; and failed to relay her finding of cellulitis to BETH ISRAEL.

34. On or about the evening of July 21, 2015, T.C., was taken via ambulance to BETH ISRAEL'S Emergency Department; admitted to said hospital and ultimately transferred to MOUNT SINAI.

7

35. TC suffered from cellulitis, sepsis, bone infections, necrotizing fasciitis, osteomyelitis, MRSA, pleural effusions, spinal epidural empyema, compartment syndrome, neurogenic bladder; among other illnesses and conditions and was hospitalized for an extensive period of time; underwent multiple operations including debridement and fasciotomy and was ultimately rendered a paraplegic with other impairments including but not limited to neurogenic bladder and hearing loss.

36. Said negligent care and treatment thereby caused T.C., an infant, to become a paraplegic who is permanently confined to a wheelchair, requires constant care and attention, who will require extensive medical care and attention and aide throughout his life; whose future study, training, and vocations are limited and impaired by his condition and his future employability is diminished; suffered pain and suffering,; sadness; and loss of enjoyment of life.

37. The ADULT PLAINTIFFS have suffered and will continue to suffer extensive financial losses for T.C., an infant's medical and household care, including but not limited to, the payment of medical expenses, care, loss of income due to lost time from work to take care of their son.

## CAUSES OF ACTION

### COUNT I -

### NEGLIGENCE

38. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

39. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

8

40. The Defendant breached its duty of care to plaintiffs.

41. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for plaintiffs that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

42. The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

43. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including plaintiffs.

44. The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

45. As a direct and proximate result of Defendant's negligence, plaintiff TC sustained serious and permanent personal injuries in and about his body; he and plaintiffs have incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future, he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of

the enjoyment of life in the future; and will lose wages in the future.

46. The acts and/or omissions set forth above would constitute a claim under the law of the State of New York.

47. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

48. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

49. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

50. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

51. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to plaintiffs, including both acts of omission and acts of commission.

52. As a direct and proximate result of Defendant's negligence, TC sustained serious and permanent personal injuries in and about his body; he and plaintiffs have incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

1

53. The acts and/or omissions set forth above would constitute a claim under the law of the State of New York.

54. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(l).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs do hereby pray that judgment be entered in his favor and against the Defendant as follows:

1) Medical expenses, future lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $50,000,000.00; and

2) Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated: New York, New York
August 22, 2017

Respectfully submitted,

Natascia Ayers – *of counsel*
Id No 4069258
Michael J Aviles & Associates
145 Hudson Street Suite 5C
New York, New York 10013
Tel: (212) 307-0023
Fax: (212) 307-0187